IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,156




EX PARTE MICHAEL DWAYNE COCHRAN, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. CR-24656-A IN THE 159TH JUDICIAL DISTRICT COURT
FROM ANGELINA COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to
sexual assault of a child, and was sentenced to eighteen years’ imprisonment. The Ninth Court of
Appeals dismissed Applicant’s appeal for want of jurisdiction. Cochran v. State, No. 09-05-059-CR
(Tex. App. – Beaumont, January 18, 2006).
            Applicant contends, inter alia, that he was denied his right to appeal issues related to his
sentencing for this offense. We remanded this application to the trial court for findings of fact and
conclusions of law, and for supplementation of the habeas record with copies of the plea documents.
            Based on the supplemental record, it appears that Applicant waived his right to appeal prior
to sentencing, and that the waiver was therefore not effective as to any issues arising during the
sentencing phase of his trial. Furthermore, the trial court certified that this was not a plea bargain
case, and that Applicant had the right to appeal punishment issues. The court of appeals erroneously
dismissed Applicant’s appeal for want of jurisdiction. 
            We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal
of the judgment of conviction in Cause No. CR-24656-A from the 159th Judicial District Court of
Angelina County. Applicant is ordered returned to that time at which he may give a written notice
of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits
shall be calculated as if the sentence had been imposed on the date on which the mandate of this
Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative
steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court
issues.
 
Delivered: May 20, 2009
Do Not Publish